WILLIAM C. PRESCOTT, Receiver, *vs.* WILLIAM PULSIFER & another.

A debtor assigned to his creditor a mortgage of $500 as collateral security for the payment of his debt of $1400; he was afterward sued on the debt, and judgment rendered against him for the whole debt, and execution issued thereon and put into the hands of an officer, with instructions to collect $600, or obtain good security therefor; and the officer released the debtor upon receiving a promissory note for $600, which he indorsed to the creditor, who afterwards collected from the mortgagor the amount of the mortgage. *Held*, that

in a suit upon the note the defendant, in order to show that the money received on the mortgage discharged the whole debt, might give in evidence an agreement in writing made by the parties, pending the former suit, by which, upon the payment by the debtor of $575 (which he had not since paid), the mortgage should be reassigned to him, otherwise judgment to be entered for that sum.

ACTION OF CONTRACT by the receiver of the Bowditch Mutual Fire Insurance Company upon a promissory note for $600, dated June 11th 1855, signed by the defendants, payable to Francis O. Irish, and by him indorsed to the plaintiff.

At the trial in this court at May term 1856 before *Merrick*, J., the plaintiff produced the note declared on, and rested his case.

The defendants, in opening, proposed to prove the following facts : The defendant William Pulsifer in 1850 was an agent of said company, and assigned to them, as collateral security for any sums then or thereafter due from him to the company, a promissory note of one Dunnels for $500, secured by mortgage of real estate. The company afterwards sued said Pulsifer on an indebtment of $1400, and pending that suit the parties executed the agreement copied in the margin.* Said Pulsifer paid $100, but no more, pursuant to that agreement. The suit was continued to November term 1854, when Pulsifer was defaulted, and judgment entered for the sum of $14,000, with interest and costs ; and an execution issued thereon, which was placed by the

---

* Essex, ss. Supreme Judicial Court.

WILLIAM PULSIFER *v.* BOWDITCH M. F. INS. CO.

It is agreed by the parties the said Pulsifer shall pay the said company the sum of one hundred dollars in ten days from date, and the further sum of five hundred and seventy five dollars in six months from date ; and the said company is to deliver and reassign to said Pulsifer a certain mortgage made by one Dunnels to said Pulsifer and assigned by him to said company as collateral security, together with the note secured by said mortgage ; said security to be given up on payment of the above sums ; and if said sums are not paid as above, then judgment to be entered in the above sums, together with interest from and after they become due as aforesaid ; and that the action shall be continued till the November term of this court, in pursuance of this agreement.

Salem, March 8, 1844. Bowditch M. F. Ins. Co.
by Wm. C. Prescott, Receiver.
Wm. Pulsifer.

plaintiff in the hands of Irish, a deputy sheriff, with directions to collect $600 of Pulsifer or obtain good security therefor. Irish arrested Pulsifer, and discharged him from arrest on receiving the note now sued upon. The company afterwards commenced an action to foreclose the mortgage against Dunnels, who thereupon in July 1855 paid the amount of the mortgage note with interest and costs.

Said agreement was then offered in evidence by the defendants, but excluded by the presiding judge. A verdict was returned for the plaintiff, and the defendants alleged exceptions, which were argued and decided at November term 1856.

*S. H. Phillips & W. G. Choate*, for the defendants.

*O. P. Lord & W. C. Endicott*, for the plaintiff. The note declared on was given in part satisfaction of a judgment against one of the defendants, which, until reversed, is conclusive on the parties thereto, and a good consideration for this note, and cannot be contradicted by evidence of any agreement made respecting the action in which it was rendered. No evidence was offered tending to show that the note declared on had been paid, or that there was any collateral security for it.

BIGELOW, J. The facts, which the defendants offered to prove, that the officer was instructed to collect on the execution $600 or obtain good security therefor, and that, pursuant to such directions, he did obtain the note for that amount, being the note now in suit, and thereupon discharged the party from arrest, were evidence tending to show that the company had agreed to take $600 in full satisfaction of the execution. And the agreement of the parties, made before the judgment was rendered, to settle the whole claim for about the same sum, was admissible for the same purpose, and as bearing on the question whether there was an agreement between the parties that the payment of the sum due on the mortgage pledged to said company as collateral security should be applied, when collected, to the payment in full of the note in suit. *Exceptions sustained.*

At a second trial before *Metcalf*, J., after the plaintiff had introduced the note and rested his case, the defendants, in

opening, made the same offer of proof as at the first trial, and proposed to contend that the note in suit was paid by the money received by the plaintiff from Dunnels.

Irish, being called as a witness for the defendants, testified that the plaintiff put into his hand the execution against William Pulsifer, and stated to him that the company had security from Pulsifer, but that it fell $600 short of the amount due on the execution, and that Irish must collect $600 or obtain good security for it, or arrest said Pulsifer ; that he told said Pulsifer what the plaintiff had directed him to do, and said Pulsifer thereupon gave the note in suit; but that he did not arrest said Pulsifer.

The defendants then offered in evidence the said agreement, " for the purpose of showing the amount that was due from said Pulsifer to the plaintiff, as agreed on by the parties ;" and requested the judge to rule, that " if the note was taken in satisfaction of the judgment, and if the debt for which the Dunnels mortgage was given was the same as that for which the judgment was obtained, then the money received by the plaintiff upon the mortgage would discharge the note, either in whole or in part, as the case might be." But the judge refused to admit said agreement in evidence, " not deeming it competent to show that the former judgment was wrong and erroneous." The verdict was for the plaintiff, and the defendants alleged exceptions, which, after argument by *J. A. Gillis,* for the defendants, and *Lord & Endicott,* for the plaintiff, were now, upon the authority of the previous decision, *Sustained.*